# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

KRISTINA TRIPP, THOMAS
MCFATTER, MICHAEL MURRERO-
DELGADO, AMBER AHNE, AMBER
LYN TIDWELL, CONRAD
FORRENCE, PAULA COOPER,
CAMERON WILSON, JOSHUA
FOSTER, and NORMANDO
BROWN, individually and on behalf
of all others similarly situated,

     Plaintiffs,

v.                       CASE NO.: 5:23-cv-112-AW-MJF

TOMMY FORD, SHERIFF OF BAY
COUNTY, FLORIDA,

     Defendant.

---

## MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT AND MOTION TO STRIKE

Comes now Defendant TOMMY FORD, SHERIFF OF BAY COUNTY, FLORIDA ("Sheriff"), by and through the undersigned counsel, pursuant to Rules 8(a)(2), 10(b) and 12(b)(6), Fed. R. Civ. P., and N.D. Fla. Local R. 7.1, moves to dismiss Plaintiffs' Fourth Amended Complaint (ECF 1-2), and, without waiving any future objection(s) to Class Certification and/or Class Representation, the Defendant in support thereof states the following:

1.     On October 7, 2019, Plaintiffs KRISTINA TRIPP and THOMAS MCFATTER, individually and on behalf of all others similarly situated, filed their initial Complaint in this matter in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, case no.: 19-CA-3820. Defendant filed a Motion to Dismiss and the Circuit Court granted the Motion to Dismiss and gave Plaintiff leave to amend their Complaint.

2.     On April 15, 2020, the Plaintiffs KRISTINA TRIPP and THOMAS MCFATTER, individually, and on behalf of all others similarly situated, filed their First Amended Complaint in this matter in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, case no.: 19-CA-3820. The Defendant, again, filed his Motion to Dismiss the First Amended Complaint and the Circuit Court dismissed the Plaintiffs' Amended Complaint with leave to amend <u>one last time</u>, specifically instructing Plaintiffs to allege ultimate facts that show the negligent acts of the Defendant.

3.     On August 19, 2020, the Plaintiffs filed their Second Amended Complaint in this matter in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, case no.: 19-CA-3820 adding seven named Plaintiffs. The Defendant filed his Motion to Dismiss the Second Amended Complaint and Motion to Strike and the Circuit Court granted Defendant's Motion to Dismiss and held the Second Amended Complaint was "not

sufficiently clear and specific about the actual events, individuals, and their <u>particular actions related to the general accusations of Defendant's negligence</u>.[1]

4.      On June 23, 2021, Plaintiffs filed their Third Amended Complaint in this matter in the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, case no.: 19-CA-3820. The Third Amended Complaint added a named Plaintiff, Joshua Foster, and included every word that was previously contained in the Second Amended Complaint plus some 184 redundant and repetitious additional numbered paragraphs. Defendant filed a Motion to Dismiss Plaintiff's Third Amended Complaint, which the Circuit Court denied.

5.      Then, on October 27, 2022, Plaintiff filed a Fourth Amended Complaint, which for the first time alleged federal claims against Defendant. It was removed to Federal Court and then remanded back to Circuit Court. At which time Plaintiff filed a new Fourth Amended Complaint, which was accepted by the Circuit Court on March 16, 2023, and April 21, 2023, respectively. The claims in the operative Fourth Amended Complaint filed on March 16, 2023 are as follows: "Count I: Negligence; Count II: Jail Conditions

---

[1]      See p. 6 of the Order Dismissing Second Amended Complaint with Leave to Amend, Docket no. 47, in case no.: 19-CA-3820.

constituting Cruel and Unusual Punishment in violation of the Fourteenth Amendment; Count III:42 U.S.C. § 1983, Deliberate Indifference; Count IV: 42 U.S.C. § 1986 Failure to Protect; Count V: Failure to Train in violation of the Fourteenth Amendment."

6.     Rule 8(a)(2), Fed. R. Civ. P., states that a pleading which sets forth a claim for relief must state a cause of action and contain a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.

7.     Rule 12(b)(6), Fed. R. Civ. P., allows a motion to dismiss to be filed for a complaint that fails to state a cause of action.

8.     Plaintiffs fail to state a cause of action for Constitutional violations, including but not limited to violations of the Fourteenth Amendment, Deliberate Indifference under 42 U.S.C. §1983, Failure to Protect under 42 U.S.C. § 1986, and Negligence against the Sheriff for which relief may be granted by failing to state ultimate facts showing negligence of the Sheriff after the impact of Hurricane Michael and the emergency procedures related to the operation of the jail. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Maiden v. Carter*, 234 So.2d 168, 170 (Fla. 1st DCA 1970).

9.     As to all the allegations related to the actions of the Sheriff after the Hurricane damaged the jail, the Sheriff is immune from suit under *Commercial Carrier Corp. v. Indian River County*, 371 So.2d 1010 (1979) as

all allegations in the Fourth Amended Complaint, and, more specifically, all common questions of law and fact, contain the discretionary governmental processes of the Sheriff related to the jail during a state of emergency following a natural disaster.

10.    Other than one paragraph, Plaintiffs vaguely reference "inmates," "jail staff," "medical staff," "corrections staff," "family members," "spouses of inmates," and "Plaintiffs" and Plaintiffs vaguely reference "the Sheriff" when alleging general actions of others throughout their Fourth Amended Complaint, in violation of Rule, 8.2(a), Fed. R. Civ. P.

11.    Plaintiffs have failed to comply with Rule 8(a)(2), Fed. R. Civ. P. by pleading opinions, theories, legal conclusions, and arguments throughout the Fourth Amended Complaint and not ultimate facts.

12.    Plaintiffs have failed to properly plead the requirements for class certification under Rule 23, Fed. R. Civ. P. and/or Rule 1.220, Fla. R. Civ. P.

13.    Furthermore, without waiving any arguments concerning the appropriateness of class certification and/or class representation, to the extent, if any, that any proposed Plaintiffs have failed to satisfy the statute-of-limitations requirements contained in §95.11(5)(g), Florida Statutes, said Plaintiffs and said claims should be dismissed.

14.   Plaintiffs have failed to comply with Fla. Stat. §768.28 as to any state law claims.

15.   To the extent if any, Plaintiffs' Fourth Amended Complaint attempts to assert a claim based upon Medical Negligence, the Plaintiffs' Fourth Amended Complaint Plaintiffs have not complied with all statutory conditions precedent to bringing such claims as set forth in §§766.106 and 766.203, Florida Statutes, within the statute of limitations and any allegations alleging Medical Negligence should be dismissed with prejudice.

16.   The Fourth Amended Complaint should be dismissed with prejudice due to futility.

17.   If all improper allegations made by Plaintiffs are stricken and the Fourth Amended Complaint is reviewed in that light, the Plaintiffs still fail to state a cause of action against the Defendant and the Fourth Amended Complaint should be dismissed with prejudice.

## MEMORANDUM OF LAW AND ANALYSIS

### STANDARD OF REVIEW

In considering a motion brought pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court must accept all factual allegations as true and construe them in a light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403 (2002); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Pursuant to Rule

8(a)(2), Fed. R. Civ. P., a Complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While detailed factual allegations are not required, the pleader must do more than merely invoke labels, conclusions, and the formulaic elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a Court considers "a Motion to Dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleading and exhibits attached thereto'." *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997) (citing *Pataula Elec. Membership Corp. v. Whitworth*, 951 F.2d 1238, 1240 (11th Cir. 1992).

Pursuant to Rule 8(a)(2), Fed. R. Civ. P., "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Claims have merit or "facial

plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* citing *Twombly*, 550 U.S.  544, 556 (2007). Mere conclusions are not sufficient to state a claim, and the Court need not assume mere conclusions are fact when evaluating a complaint at the motion to dismiss phase. *Iqbal*, 556 U.S. at 663-64.

"When considering a Motion to Dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleading and exhibits attached thereto.'" *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir.1993). A Complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir.1997); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231-32 (11th Cir.2000).

Plaintiffs' Fourth Amended Complaint does not comply with Rules 12(b)(6) or 8(a)(2), Fed. R. Civ. P. and should be dismissed with prejudice.

## <u>FAILURE TO STATE A CAUSE OF ACTION</u>

"It is a fundamental principle of pleading that the complaint, to be sufficient, must allege ultimate facts as distinguished from legal conclusions which, if proved, would establish a cause of action for which relief may be

granted." *Twombly*, 550 U.S. at 555; *Maiden v. Carter*, 234 So.2d 168, 170 (Fla. 1st DCA 1970). The complaint must set forth factual assertions that can be supported by evidence which gives rise to legal liability**.** *Twombly*, 550 U.S. at 555. It is insufficient to plead opinions, theories, legal conclusions or arguments, and the pleading must contain "factual allegations" that "raise a right to relief above the speculative level." *Id*.

Plaintiffs' Fourth Amended Complaint fails to allege ultimate facts related to actions or omissions taken by the Sheriff that could be considered negligent, deliberately indifferent, or rise to the level of a constitutional violation. Plaintiffs' Fourth Amended Complaint is rife with opinions, theories, legal conclusions, and arguments. Thus, Plaintiffs have failed to "'state a facially plausible claim for relief [because] it shows only a sheer possibility that the defendant acted unlawfully.'" *Doe v. Morehouse College, Inc.*, 2022 WL 3369634, at *2 (N.D. Ga. 2022) citing *Waters Edge Living, LLC v. RSUI Indem. Co.*, 355 F.App'x 318, 322 (11th Cir. 2009). If the improper pleadings are stricken from the Fourth Amended Complaint, the Plaintiffs still fail to state a cause of action against the Defendant for Count I: Negligence; Count II: Jail Conditions constituting Cruel and Unusual Punishment in violation of the Fourteenth Amendment; Count III:42 U.S.C. § 1983, Deliberate Indifference; Count IV: 42 U.S.C. § 1986 Failure to Protect; Count V: Failure to Train in

violation of the Fourteenth Amendment, and Plaintiffs' Fourth Amended Complaint is due to be dismissed with prejudice.

I.   Allegations in the Fourth Amended Complaint fail as a matter of law because there are no allegations of ultimate facts of deliberate indifference or Constitutional violations

42 U.S.C. §1983 does not, itself, create a substantive right for an individual; rather, it provides a remedy for deprivations of federal rights established elsewhere. *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987); *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). The Plaintiffs' Fourth Amended Complaint fails to set forth any basis for a Federal claim against the Sheriff as required pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct.2018, 56 L.Ed.2d 611 (1978). Thus, no such cause of action exists for failure to implement and/or enforce policy without more. The purpose of *Monell* is to "make clear that municipal liability is limited to actions for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 470 (1986). Furthermore, one incident is insufficient to put the Sheriff on notice such that the Sheriff could be liable.

Plaintiffs fail to allege sufficient facts that establish deliberate indifference sufficient to survive a motion to dismiss. Plaintiffs' "allegations do not contain specific facts showing [the Sheriff] had subjective knowledge of a

risk of serious harm to [Plaintiffs]." *Mitchell v. Thompson*, 564 Fed.Appx. 452, 458 (11th Cir. 2014). Nor can Plaintiffs allege sufficient facts that the Sheriff would have had subjective knowledge of the damage sustained by the Jail because this area had not dealt with the forces of Hurricane Michael previously. Additionally, Plaintiffs fail to allege a constitutional violation occurred by the Sheriff's discretionary decisions regarding the preparation for Hurricane Michael. Furthermore, Plaintiffs fail to allege there were any constitutional violations or that any potential constitutional violations were "clearly established law." See *Pearson v. Callahan*, 555 U.S. 223, 236-37 (2009).

In *Jennings v. Stewart*, the District Court for the Northern District of Florida held that counts against a Sheriff "cannot rest on conclusory allegations and the officers' conduct itself." 461 F.Supp.3d 1198, 1201 (N.D. Fla. 2020) citing *Craig v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011). Pursuant to the precedent set by the Eleventh Circuit, "a single incident of a constitutional violation is insufficient to prove a policy or custom." *Craig*, 643 F.3d at 1311. See also *Marantes v. Miami-Dade Cty.*, 649 F.App'x 665, 673 (11th Cir. 2016) (a policy directly encouraging excessive force was not identified and the *Monell* claim against the City fails). Even assuming, *arguendo*, a constitutional violation did occur because of the Hurricane against

any one of the Plaintiffs, that is not sufficient to establish a claim against the Sheriff.

While the Plaintiffs' Fourth Amended Complaint is voluminous in paragraphs and page numbers, there are no specific acts by the Sheriff alleged that would rise to the level of a constitutional violation or deliberate indifference on behalf of the Sheriff. By way of example, Plaintiffs allege specific facts as to Kristina Tripp in paragraphs 126-148; however, none of those allegations are related to any actions or omissions by the Sheriff.

The conditions Plaintiffs describe in the Fourth Amended Complaint are conditions that were a result of Hurricane Michael, one of the strongest rated hurricanes to hit the Gulf Coast, and the strongest hurricane on record to make landfall in the Florida Panhandle; a hurricane that was not predicted to be detrimental to the area until 12 hours before making landfall. At most, the alleged damage to the jail occurred because of a natural disaster, and the conditions of which were felt not only by inmates of the jail but by the general population of Bay County, Florida, and other surrounding areas.

Thus, the alleged conditions complained of do not rise to the level of constitutional violations or deliberate indifference by the Sheriff, nor are the allegations sufficient to survive the Motion to Dismiss.

II.    Plaintiff fails to allege ultimate facts that it was a custom, policy, or practice of the Sheriff that led to the alleged Constitutional violations

A suit against a sheriff in his official capacity is functionally a suit against the sheriff's office he represents.  *Pellegrino v. Wengert*, 703 Fed. Appx. 892, 894 n.1 (11th Cir.2017). The sheriff's office constitutes a municipal body which "cannot be held liable for the actions of its employees under § 1983 based on a theory of *respondeat superior*." *Id*. at 895 (quoting *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1307 (11th Cir. 2001). A sheriff's office may only be held liable for its customs which are "so widespread as to have the force of law" and office policies. *Id*.

There must be "a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). If the policy is facially lawful, the plaintiff then must demonstrate deliberate indifference to the policy's consequences. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1187-88 (11th Cir.2011). Plaintiffs have failed to allege, and cannot allege, any policy or custom of the Sheriff that was the "direct causal link between the municipal action and the [alleged] deprivation of federal rights." *Id*.

To prove deliberate indifference, a plaintiff must show that policymakers acted (or failed to act) while on notice of the consequences.  *Id*.  This ordinarily requires the plaintiff to point to a pattern of similar constitutional violations

unless constitutional violations were the obvious consequence of the action (or inaction). *Id*. Absent an underlying constitutional violation, a §1983 claim against the Defendant Sheriff must fail. *Furtado v. Yun Chung Law*, 51 So.3d 1269, 1275 (Fla. 4th DCA 2011) (citing *Garczynski v. Bradshaw*, 573 F.3d 1158, 1171 (11th Cir.2009)); see also, *Sparkes*, 777 Fed. Appx. at 450 ("Only when it is clear that a violation of specific rights has offered can the question of §1983 municipal liability for the injury arise.") (citing *Vineyard v. Cty. of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir.1993).

Furthermore, under *Graham v. Connor*, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under substantive due process. 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443. Additionally, in *Albright v. Oliver*, the Supreme Court held that an allegation of prosecution without probable cause must also be analyzed under the Fourth Amendment, without reference to the more general considerations of substantive due process. 510 U.S. 266, 271 (1994). The *Albright* Court went on to state that "the protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity. *Id*. citing, *Planned Parenthood of Southeastern Pa. v. Casey,* 505 U.S. 833, 847–849, 112 S.Ct. 2791, 2804–2806, 120 L.Ed.2d

674 (1992). An example, excessive force does not become a violation of the Fourteenth Amendment merely because the defendant is a State official. *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

Hurricane Michael was the catalyst, not the Sheriff, his employees, or the Sheriff's policies and procedures. The alleged issues faced by the inmates occurred because of the Hurricane, not because of any policy or procedure of the Sheriff. Additionally, none of the allegations made by the Plaintiffs are constitutional violations, at most, the allegations made by Plaintiffs are mere inconveniences caused by a destructive storm of historical proportions, and inconveniences, while, for lack of a better term, are inconvenient, do not amount to constitutional violations or deliberate indifference. Therefore, as there was no underlying policy, custom, or practice of the Sheriff that led to any alleged constitutional violations and the Sheriff was not deliberately indifferent, Plaintiffs' federal claims against the Sheriff fail as a matter of law and are due to be dismissed with prejudice.

III.   Sheriff cannot be liable for the actions of his employees

An *entity,* like the Sheriff in his official capacity*,* is liable under §1983 only when its "official policy" causes the constitutional violation. *Marsh v. Butler Cty.*, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc). A plaintiff in a §1983 action cannot rely on respondeat superior or vicarious liability theories

to hold a county liable for the individual actions of its officers. *City of Canton*, 489 U.S. at 385 (citing *Monell v. N.Y. City of Dep't Soc. Servs.*, 436 U.S. 658, 690 (1978)).

Plaintiffs generically allege that "employees" or "staff" of the Sheriff acted in some unspecific way that led to alleged constitutional violations; however, that does not satisfy the "rigorous standards of culpability and causation ... applied to ensure that the [Sheriff] is not held liable solely for the actions of its employee." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 405 (1997). Thus, any claim against Sheriff, in his official capacity, based upon actions of his employees should be dismissed with prejudice.

IV.     Allegations in the Fourth Amended Complaint fail to allege ultimate facts of negligent acts or omissions by the Sheriff.

Plaintiffs fail to allege ultimate facts related to actions or omissions taken by the Sheriff that could be found negligent. The Plaintiffs allege in the Fourth Amended Complaint sections related to each named Plaintiff; however, the allegations contained as to each Plaintiff are almost identical. There are no specific allegations related to any injuries suffered by any of the individually named Plaintiffs. All Plaintiffs somehow had precisely the same physical conditions, ailments, and sicknesses due to conditions of the jail caused by the damage sustained by Hurricane Michael. Plaintiffs attempt to allege breaches of general model jail standards unassociated with emergency

procedures. Each of these sections only allege conditions caused by the Hurricane, not by the Sheriff.

None of the allegations in the Fourth Amended Complaint assert specific breaches by the Sheriff of any of the emergency procedures that were in place at the jail after Hurricane Michael. All conditions of the jail alleged in the Complaint and the issues that stemmed from those conditions are only because of acts of mother nature, *i.e.* Hurricane Michael, one of the strongest storms to hit the gulf coast and the strongest storm to ever make landfall in the Florida panhandle. All conditions complained of flow from the decision by the Sheriff to not evacuate the jail before or after Hurricane Michael, a discretionary act immune from suit.

The Plaintiffs reference with specificity the Florida Model Jail Standards[2] ("FMJS") in the Fourth Amended Complaint, even attaching copies as exhibits to their Complaint. The FMJS contradicts the allegations contained in the Complaint. The creation of the policies and procedures related to the operation

---

[2] At the 12(b)(6) stage, while the Court primarily examines the allegations of a complaint, it is not always limited to its four corners. *Halmos v. Bombardier Aerospace Corp.*, 404 Fed. Appx. 376, 377 (11th Cir. 2010), citing *Long v. Slaton*, 508 F.3d 576, 578 n. 3 (11th Cir. 2007). "[A] district court may take judicial notice of matters of public record without converting a Rule 12(b) (6) motion into a Rule 56 motion." *Halmos* at 377, citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir.) See also *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007) ('courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss." See also, *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (Emphasis added).

of the Bay County Jail are discretionary as long as they generally follow the Model Jail Standards. However, there are no standards in the FMJS as to what must be contained in the Emergency Plans related to a natural disaster or a riot, only that there has to be an Emergency Plan. MJS § 11.1 reiterates "As required in Standard 2.10, General Provisions, the Officer-in-Charge or designee shall have comprehensive written plans for emergencies to include fire, riot, hostage situations, escape, medical emergency, and natural disaster." In fact, some of the standards contained in the FMJS are specifically not applicable during an emergency such as riots or natural disasters.[3]

The Plaintiffs fail to allege any ultimate facts as to what was contained in the Sheriff's Emergency Plans. They also fail to allege any ultimate facts of specific breaches by the Sheriff of the Emergency Plans. The Plaintiffs make a blanket allegation that the Sheriff either did not have Emergency Plans **or** if Emergency Plans existed, the Sheriff did not follow the Emergency Plan. Conclusions and opinions are not enough. Since the Plaintiffs have failed to properly plead Count I against the Sheriff, it should be dismissed with prejudice.

---

[3] See MJS § 6.5 (Inmates shall be given three substantial, wholesome, and nutritious meals daily. Not more than 14 hours may elapse between the evening meal and the morning meal. Hot meals shall be served at least once daily. Seasonal fruits and vegetables are recommended in menu planning. **(This does not apply to extreme emergency situations; i.e., riots, fires, natural disasters, etc. or inmates assigned to outside work groups.)** (Emphasis added)

V.   <u>Allegations for Medical Negligence are due to be stricken or dismissed</u>

Plaintiff failed to comply with the pre-suit screening requirements for medical negligence, therefore, they are precluded from relying on the medical negligence standard of care in proving their case. See *Fassy v. Crowley*, 334 So. 2d 359, 364 (Fla. 2d DCA 2004). As an example, Plaintiffs, in paragraph 67 (and throughout the Fourth Amended Complaint) allege that their medical complaints "were not being adequately addressed when they were seen by medical staff." To the extent Plaintiffs' Complaint asserts a claim based upon Medical Negligence, the Plaintiffs' Complaint fails to aver that the Plaintiffs have complied with all statutory conditions precedent to bringing such claims as set forth in §§766.106 and 766.203, Florida Statutes. Any allegations against the Sheriff for medical negligence are due to be dismissed or stricken.

## **PLAINTIFFS VIOLATED RULES 8(a)(2) & 10(b)**

A "shotgun pleading" is one which "employs a multitude of claims and incorporates by reference all of its actual allegations into each claim, making it nearly impossible for a Defendant and the Court to determine which any certainty which factual allegations give rise to which claims for relief." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

A "shotgun pleading" is a complaint that violates either Rule 8(a)(2) or 10(b), Federal Rules of Civil Procedure, or both.  *Barmapov v. Amuial*, 986

F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the "enemy," and the Court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked. *Barmapov*, 986 F.3d at 1324.

The Eleventh Circuit has recognized four general categories of shotgun pleadings, as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants

adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. The Fourth Amended Complaint, as drafted, falls within the prohibited "shotgun pleading" categories of pleading, because the Plaintiffs Fourth Amended Complaint is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts." *Id*.

This failure to follow the Rules of Procedure makes the Fourth Amended Complaint cumbersome and renders the Sheriff unable to adequately respond to the Fourth Amended Complaint.

One example of the problematic pleading is contained in ¶ 126 on p. 20, which states: "Plaintiff Kristina Tripp was in the Bay County Jail at the time of Hurricane Michael from August 22, 2018 until January 10, 2019. Plaintiff Tripp was denied potable water during the Hurricane and thereafter for a period of what appears to be several weeks." It is impossible for the Sheriff to answer this paragraph without responding in a likewise narrative manner and parsing out each sentence contained in the paragraph as to whether it is admitted, denied, or without knowledge to admit or deny.

This narrative convention is used in almost every one of the paragraphs in Plaintiffs' Fourth Amended Complaint. The Plaintiffs' failure to comply with pleading requirements makes the Fourth Amended Complaint cumbersome to answer and impossible to defend. Due to the improperly pled factual

allegations contained in the Plaintiffs' Fourth Amended Complaint in violation of Fed. Rs. Civ. P. 8(a)(2) and 10(b), the Fourth Amended Complaint should be dismissed.

## THE SHERIFF IS IMMUNE FROM LIABILITY
## FOR NEGLIGENCE FOR DISCRETIONARY FUNCTIONS

"'[D]iscretionary' governmental functions remain immune from tort liability. Identifying these functions is done primarily by distinguishing, through a case-by-case analysis, 'the 'planning' and 'operational' levels of decision making by governmental agencies.'" *Dep't. of Health and Rehabilitative Srvs. v. B.J.M.*, 656 So.2d 906 (Fla. 1995) citing *Comm. Carrier Corp. v. Indian River Cnty.*, 371 So.2d 1010, 1020, 1022 (Fla.1979). The test to determine whether an activity is immune consists of a preliminary four (4) part test. *Id.*

> "(1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program, or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision require the exercise of basic policy evaluation, judgment, and expertise on the part of the government agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?" *Id.*

Affirmative answers to these questions should usually give rise to immunity for the questioned activity. *Id*.

Plaintiffs' common questions of law contained in the Fourth Amended Complaint are purely discretionary functions of government that the Plaintiffs are seeking the Court to determine whether the Sheriff's decisions were proper. Decisions by the Sheriff whether to maintain alternative sources of water, electrical, and sewage, and the level of that maintenance, are purely discretionary decisions and cannot form the basis of an action based on the holding in *Comm. Carrier*. None of the Sheriff's actions, or the consequences stemming from those actions, alleged in the Fourth Amended Complaint involve situations for which the Sheriff may be held liable due to sovereign immunity. Thus, the negligence claim in Count I against the Sheriff should be dismissed with prejudice.

## ANALOGOUS FEDERAL CASES ON NATURAL DISASTERS AND DISCRETIONARY FUNCTIONS AND JAIL CONDITIONS

A similar lawsuit to the one at issue was filed after Hurricane Rita in federal court in Texas for negligence under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. ("FTCA"). *Spotts v. U.S.*, 2009 WL 3150872 (E.D. Tex. 2009). In *Spotts*, more than 400 individuals were incarcerated within the U.S. Bureau of Prisons. They filed a lawsuit alleging the United States was negligent in a) failing to evacuate inmates at the United States Penitentiary in Beaumont prior to Hurricane Rite making landfall, and b) failing to take steps to ensure their safety and welfare after the hurricane made landfall. *Id.* at 1.

The U.S. moved to dismiss based on lack of subject matter jurisdiction related to the discretionary function exception to the FTCA. *Id.*

In the complaint in *Spotts*, the plaintiffs claimed the U.S. was negligent in failing to evacuate the inmates prior to the storm and in failing to take steps to ensure their safety and welfare after the hurricane made landfall. Those plaintiffs alleged that, due to the loss of electrical power, as well as the lack of potable water and functional plumbing, they suffered extreme deprivations with respect to food, water, hygiene, temperature and medical care for several weeks after the hurricane made landfall. They alleged these deprivations resulted in the death of two inmates, caused others to suffer staph infections and other illnesses, and caused psychological injuries. *Id.* at 4.

The U.S. moved to dismiss the complaint based on the exception to the FTCA which prevents liability on any negligence claim based on the exercise or performance, or the failure to exercise or perform, a discretionary function or duty on the part of a federal agency or employee. *Id.* at 4. The U.S. argued the decision to evacuate the inmates as well as the decisions made regarding preparations for the hurricane and its aftermath fell within the discretionary exception function. *Id.* at 5.

The Court in *Spotts* determined that the discretionary function exception did apply to these facts. The Court used as guidance *U.S. v. Freeman*, 556

F.3d 326 (5th Cir. 2009) to make its decision. In *Freeman*, the plaintiffs sued the U.S. for negligent acts allegedly committed by the Secretary of Homeland Security in the New Orleans Convention Center in the aftermath of Hurricane Katrina. In finding that the discretionary function exception applied in that case, the Court in *Freeman* stated, "the government's decisions about when, where, and how to allocate limited resources within the exigencies of an emergency are the types of decisions that the discretionary function exception was designed to shelter from suit." *Spotts* at 10 quoting 556 F.3d at 340. The Court in *Freeman* also stated that "decisions regarding the feasibility, safety, and benefit of mobilizing federal resources in the aftermath of a natural disaster are grounded in social, economic, and public policy." *Freeman*, 556 F.3d at 341.

In the context of constitutional violations, federal courts have routinely stated that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions. *Talib v. Gilley,* 138 F.3d 211, 215 (5th Cir.1998). A short-term sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County,* 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson,* 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.,* 890 F.Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably

adequate hygiene and sanitation conditions." *Burton v. Cameron Cnty.,* 884 F.Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell,* 801 F.2d 765, 771 (5th Cir. 1986)). See also *Conner v. Guzman*, 2007 WL 1428749 (E.D. La. 2007).

## DISMISSAL WITH PREJUDICE

As this is the second version of Plaintiff's Fourth Amended Complaint, and this version still fails to state a cause of action, the Defendant is entitled to have said Complaint dismissed with prejudice based on futility. See *Helm v. Liem*, 523 Fed.Appx. 643, 646 (11th Cir. 2013) (plaintiff repeatedly failed to cure deficiencies and allowing another attempt would be futile); *Magnum Capital, LLC v. Carter & Assoc., LLC*, 905 So.2d 220 (Fla. 1st DCA, 2005); *De Souza v. JPMorgan Chase Home Lending Div.*, 608 Fed.Appx. 76, 781 (11th Cir. 2015) (amendment would have been futile when claims were based on the same set of "operative facts). Simply adding federal claims to Plaintiff's Fourth Amended Complaint is not enough to allege a cause of action. There must be facts that support the allegations that constitutional rights were violated or that the Sheriff somehow, during a natural disaster, acted with deliberate indifference. Plaintiffs did not allege sufficient facts to establish any claims against the Sheriff.

Furthermore, even if Plaintiffs were to amend their Complaint another time, the facts will not change. This was a situation brought on by a natural disaster and the Sheriff's response to said natural disaster was discretionary in nature, such that he is entitled to dismissal with prejudice. Therefore, Plaintiffs, after multiple opportunities to amend their complaint to satisfactorily allege claims against the Sheriff, continue to fail, and their Fourth Amended Complaint should be dismissed with prejudice.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiffs' Fourth Amended Complaint contains myriad issues that require this Court to dismiss it with prejudice. The Fourth Amended Complaint also contains statements and allegations that should be stricken, and when the Fourth Amended Complaint is considered without those conclusory statements or purely opinion-based allegations, the Fourth Amended Complaint still fails and is due to be dismissed with prejudice.

WHEREFORE, the Defendant respectfully requests this Court dismiss, with prejudice, the Plaintiffs' Fourth Amended Complaint for the reasons cited and award him costs related to the defense of this matter, and any other relief the Court deems necessary and proper.

Dated this 8th day of May 2023.

WARNER LAW FIRM, P. A.

*/s/ Jennifer Hawkins*
JENNIFER HAWKINS
Florida Bar No. 0017694
ALYSSA M YARBROUGH
Florida Bar No. 0103407
TIMOTHY M. WARNER
Florida Bar No. 0642363
P.O. Box 1820
Panama City, FL  32402
Phone No. (850) 784-7772
pleadings@warnerlaw.us
*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE OF RULE 7.1

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing motion and memorandum is 6,143 words in length.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed this 8th day of May 2023, via the CM/ECF, which will send notice to all counsel of record.

*/s/ Jennifer Hawkins*
JENNIFER HAWKINS
Florida Bar No. 0017694