IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KRISTINA TRIPP, THOMAS
MCFATTER, MICHAEL
MURRERO-DELGADO, AMBER
AHNE, AMBER LYN TIDWELL,
CONRAD FORRENCE, PAULA
COOPER, CAMERON WILSON,
JOSHUA FOSTER, and
NORMANDO BROWN, individually
and on behalf of all others similarly
situated,

     Plaintiffs,

v.                            CASE NO.: 5:23-cv-112-AW-MJF

TOMMY FORD, SHERIFF OF
BAY COUNTY, FLORIDA,

     Defendant.

_____

## REPORT OF THE PARTIES' PLANNING MEETING

Plaintiffs and Defendants, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Initial Scheduling Order **(ECF No. 3 and ECF No. 9),** submit their Joint Report of the Parties Planning Meeting.  The categories below correspond to those set forth in Form 52, Fed. R. Civ. P., and the Court's Initial Scheduling Order.

1. **Meeting of the Parties**:  Pursuant to Fed. R. Civ. P. 26(f), Marie Mattox, counsel for Plaintiffs, and Jennifer Hawkins, counsel for Defendant, conferred telephonically and electronically on June 13, 2023 and again on February 29, 2024 in preparation for the Rule 16 Conference with the Court.

2. **Initial Disclosures**: The parties will complete the initial disclosures required by Rule 26(a)(1) within 21 days of filing this report.

3. **Discovery Plan**: The parties respectfully request an extension of the parties' discovery schedule and modification to the Court's Initial Scheduling Order due to Plaintiffs' bringing this suit as a class action lawsuit.

   (a)   Discovery will be needed on these subjects:

   All required elements for class certification.

   All items referenced in Plaintiffs' Fifth Amended Complaint and Defendant's Answer and Affirmative Defenses, when filed[1];

   (b)   The parties will conduct discovery as to class certification so that the due date of any discovery requested shall not be later than **July 1, 2024**;

   (c)   Dates for motions regarding class certification under Fed. R. Civ. P. 23:

   Plaintiffs:  **July 26, 2024**

---

[1] Defendant Sheriff currently has a Motion to Dismiss pending (ECF No. 6).

Defendant: **August 23, 2024**

(d)     The Plaintiffs intend to seek class certification under Fed. R. Civ. P. 23(b)(2) on the issue of liability only and the parties will pursue class-based discovery on the issue of (b)(2) certification within the period before the deadline for filing the motion for class certification.

(e)     The Defendant intends to challenge class certification, including but not limited to certification on the issue of liability only.

(f)     Should the Court grant class certification, the parties propose that they file a renewed Rule 26 Planning Report setting forth a proposed schedule culminating with a trial, including a period of merits discovery, including defenses, deadlines for dispositive motions and related motions, pre-trial filings and a trial date. **Plaintiff proposes this be specifically on the issue of liability, while Defendant believes this should include all post-certification matters, and not be limited to liability.**

(g)     Should the Court deny class certification pursuant to Rule 23, the Parties request that they be granted 180 days, from the date of the Court's denial of class certification, within which to conduct discovery into all

matters alleged in Plaintiffs' Fourth Amended Complaint, and in the Defendant's Answer and Affirmative Defenses, when filed. [2]

(h)     Interrogatories and the response time shall be governed by Rule 33, Federal Rules of Civil Procedure.

(i)     Requests for admissions will be governed by Rule 36, Federal Rules of Civil Procedure.

(j)     The maximum number of total depositions for all parties shall be thirty (30) per side unless agreed to by the parties or approved by the Court.

(k)     The Defendant may motion the Court to conduct discovery on individuals in the proposed class not specifically named as parties for the purpose of class certification.

(l)     Depositions shall be limited to seven (7) hours unless extended by agreement of the parties or by court approval.

(m)    Dates for exchanging reports of expert witnesses as it pertains to class certification under Rule 26(a)(2) are due:

from Plaintiffs: **April 8, 2024;** and

from Defendant: **May 6, 2024.**

---

[2] Defendant Sheriff currently has a Motion to Dismiss pending (ECF No. 6).

Rebuttal reports from Plaintiffs are due **30 days** from Defendants' expert reports, if any.

(n)   Dates for exchanging reports of expert witnesses under Rule 26(a)(2) are due:

(i)   Should the Court grant class certification, to be determined based on renewed Rule 26 Planning Report to be submitted by the parties.

(ii) Should the Court deny class certification:

from Plaintiffs: **90 days before the close of discovery**

from Defendant: **60 days before the close of discovery**

Rebuttal reports from Plaintiffs are due **30 days** from Defendants' expert reports, if any.

(o)   Supplementations under Rule 26(e) shall be done as soon as practicable as new information arises by each party.

(p)   The parties may request or produce information from electronic sources limited to data reasonably available to the parties in the ordinary course of business.  PDF is the preferred method of production when possible.   Reasonable measures have been taken to preserve

potentially discoverable data.   Should any party inadvertently produce privileged information, that information shall be immediately returned to the producing party and not kept in any form by the party to whom it was erroneously sent.

4.    **Other Items:**

(a)    **The parties request a conference with the court before entry of the scheduling order pursuant to Rule 16.**

(b)    The parties jointly propose that if the class certification is granted, the parties will file a renewed Rule 26 Planning Report proposing a trial date and schedule. If certification is denied, this case will be ready for final pretrial conference 300 days after any ruling on class certification**.**  The parties have requested an extension of the close of discovery timeline due to this claim being alleged as a class action lawsuit, and various requirements of Rule 23, the number of Plaintiffs, and the forensic evidence involved.

(c)    If certification is granted, dispositive motions shall be served and filed no later than the date proposed in the parties' renewed Rule 26 Planning Report. If certification is denied, dispositive motions shall be due 21 days after the close of discovery.

(d)     Settlement discussions will be pursued although the possibility of settlement at this time is unknown.  The parties do not believe mediation would be helpful at this time.  However, the parties reserve the right to revisit the possibility of mediation after the Motion for Summary Judgment stage of litigation.

(e)     No ADR procedure might enhance settlement at this time.

(f)     Final lists of witnesses and exhibits under Rule 26(a)(3) shall be filed as further ordered by the Court.

(g)     Objections to the lists served pursuant to Rule 26(a)(3) shall be filed as further ordered by the Court.

(h)     If certification is granted, the parties will file a renewed Rule 26 Report proposing a trial date. If certification is not granted, the parties jointly propose that this case will be ready for final pretrial conference and trial **270 days after denial of class certification**.

At this time, the parties estimate **15-20 days** for trial.

(i)     Other Matters:

(i)     The parties jointly propose that this case is subject to the Manual for Complex Litigation, Chapter 21. Class Actions.

(ii)    The parties discussed the matters required in this Court's Initial Scheduling Order, including magistrate judge jurisdiction;

(iii)    The nature and basis of all claims and defenses, and a good faith attempt to identify the principal factual and legal issues in the dispute:

**(A)    Nature and Basis of Plaintiffs' Claims:**

This is an action filed pursuant to 42 U.S.C. §1983, 42 U.S.C. §1986, 42 U.S.C. §1988 and under the common law of Florida against Defendant Sheriff. The claim is being alleged as a class action lawsuit by Plaintiffs.

**(B)    Nature and Basis of Defendant's Defenses:**

Defendant Sheriff, in his official capacity as Sheriff of Bay County, denies any and all liability associated with Plaintiffs' claims and denies that Plaintiffs are entitled to any relief whatsoever.   Plaintiffs are unable to establish a violation of federal or state law and cannot establish that the Sheriff implemented or established any policy, custom or practice that caused a violation of the Plaintiffs' constitutional rights, as referenced in Defendant Sheriff's Motion to Dismiss.   Defendant Sheriff is immune from liability based upon the doctrine of sovereign immunity.   Defendant Sheriff is also immune from liability based upon the provisions of §901.15(7), Florida Statutes. Defendant Ford also asserts various affirmative defenses in his Answer and Affirmative Defenses to the Plaintiffs' surviving claims in its Fifth Amended Complaint.

Respectfully submitted this 29th day of February 2024.


MARIE A. MATTOX, P.A.
*/s/ Marie A. Mattox*
MARIE A. MATTOX
Florida Bar No.: 07396875
203 N. Gadsden Street
Tallahassee, Florida 32301
Phone No. (850) 383-4800
marie@mattoxlaw.com
michelle@mattoxlaw.com
*Counsel for Plaintiffs*

WARNER LAW FIRM, P. A
*/s/ Jennifer A. Hawkins*
JENNIFER A. HAWKINS
Florida Bar No.: 0017694
*/s/Alyssa M Yarbrough*
ALYSSA M YARBROUGH
Florida Bar No.: 0103407
*/s/Timothy M. Warner*
TIMOTHY M. WARNER
Florida Bar No.: 0642363
501 West 11th Street, Suite A
Panama City, Florida 32401
Phone No. (850) 784-7772
pleadings@warnerlaw.us
*Counsel for Defendant Sheriff Ford*